IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RAY MAGSBY**                                                                             **PLAINTIFF**

**V.**                                           **NO. 4:20-CV-22-DMB-JMV**

**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY and**
**CALHOON AGENCY, LLC**                                          **DEFENDANTS**

## OPINION AND ORDER

Before the Court are Ray Magsby's motion to remand, Doc. #5, and Calhoon Agency's motion to dismiss, Doc. #3.

## I
## Relevant Procedural History

On December 23, 2019, Ray Magsby filed a complaint in the Circuit Court of Coahoma County, Mississippi, against Allstate Vehicle and Property Insurance Company, and Calhoon Agency, LLC, regarding the denial of an insurance claim. Doc. #2. Allstate, invoking diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on February 10, 2020. Doc. #1 at 2. The notice of removal alleges that Allstate is an Illinois corporation with its principal place of business in Illinois, and that both Magsby and Calhoon are Mississippi citizens.[1] *Id.* at 1. Allstate contends, however, that Calhoon's citizenship should be disregarded because Calhoon is "fraudulently joined"[2] or, alternatively, "fraudulently misjoined." *Id.* at 2–3.

---

[1] The notice of removal alleges that Calhoon, a limited liability company, is a Mississippi citizen but fails to identify Calhoon's members and their citizenships. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("[T]he citizenship of an LLC is determined by the citizenship of all of its members.").

[2] While case law uses both the terms "improper" and "fraudulent" joinder, "'improper joinder' is preferred." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004). This Court will use the preferred terminology.

On February 13, 2020, Calhoon filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Doc. #3. The next day, Magsby filed a motion to remand to state court. Doc. #5. On March 6, 2020, after receiving a requested extension, Doc. #11, Allstate filed a response opposing remand, Doc. #12. No response to Calhoon's motion to dismiss was filed.

## II
## Removal and Remand

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III
## Analysis

Diversity jurisdiction requires that there be (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).

The parties do not dispute that the amount in controversy here exceeds $75,000. But Allstate asserts that complete diversity exists because Calhoon, a non-diverse defendant, was either

improperly joined or fraudulently misjoined. Doc. #1 at 2–3. Magsby claims that remand is warranted because Calhoon's presence in the suit destroys complete diversity. Doc. #5 at 1.

This Court has previously rejected the fraudulent misjoinder doctrine because of an absence of clear direction from superior courts. *See Wilson v. State Farm Mut. Auto. Ins. Co.*, No. 4:17-CV-124-DMB-JMV, 2018 WL 1096836, at *2 (N.D. Miss. Feb. 28, 2018). Because neither the Fifth Circuit nor the United States Supreme Court has addressed the issue in the interim, this Court continues to reject the fraudulent misjoinder doctrine. As such, to establish diversity jurisdiction, Allstate must show that Calhoon is improperly joined.

### A. Improper Joinder Doctrine

Improper joinder represents a "narrow exception" to the rule of complete diversity. *Vaillancourt*, 771 F.3d at 847. Under the doctrine, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party … has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (emphases omitted). "On a motion to remand, the burden of persuasion is on the party claiming improper joinder." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219–20 (5th Cir. 2018).

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017). Only the second inquiry is implicated here. Under the second prong, "the defendant must demonstrate that there is no possibility of recovery against the in-state or non-diverse defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state or non-diverse defendant." *Id*. (cleaned up).

3

To determine whether there is a possibility of recovery, "[t]he Court should apply a Federal Rule of Civil Procedure 12(b)(6) standard; if the complaint is sufficient to state a claim, there is no improper joinder." *Cumpian*, 910 F.3d at 220. "Whether a case has been properly removed is determined by reference to the allegations contained in a plaintiff's state court complaint as they existed at the time the petition for removal was filed." *Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193, 1196 (S.D. Miss. 1989); *see White v. City Fin. Co.*, 277 F. Supp. 2d 646, 648 n.3 (S.D. Miss. 2003) (in fraudulent joinder analysis, disregarding additional claims not mentioned in the complaint but only in connection with a motion to remand).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Wilson v. Hous. Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (internal quotation marks omitted). If a complaint alleges a claim that satisfies this standard "but has misstated or omitted discrete facts that would determine the propriety of joinder[,] the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Cumpian*, 910 F.3d at 220 (quoting *Smallwood*, 385 F.3d at 573) (cleaned up).

### B. 12(b)(6) Inquiry

The complaint alleges that Magsby "insured [his] home with AllState through its agent, Calhoon Agency, LLC. An agent with Calhoon Agency told [him] that he was getting full coverage against fire loss." Doc. #2 at 2. After Magsby's property was destroyed by fire, Magsby reported the fire to Allstate and made a claim, "contacted Calhoon Agency," and "sent any and all information that Allstate requested." *Id.* Allstate denied Magsby's insurance claim. *Id.* Based on these allegations, the complaint asserts only a claim for breach of contract. *Id.*

4

"A breach-of-contract case has two elements: (1) the existence of a valid and binding contract, and (2) a showing that the defendant party has broken, or breached it." *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 414 (Miss. 2018) (internal quotation marks omitted). Nowhere in the complaint does Magsby allege a contract between him and Calhoon or explain why Calhoon should be held liable on a contract between him and Allstate. Indeed, the complaint's only mention of Calhoon is to state that Magsby purchased Allstate insurance through Calhoon; that "[a]n agent with Calhoon Agency told Mr. Magsby that he was getting full coverage against fire loss;" and that Magsby contacted Calhoon after the fire. These allegations fail to state a claim for breach of contract against Calhoon under a 12(b)(6) standard.

In his motion to remand, Magsby argues that "[t]he action against Calhoon is not one of breach of contract but for negligent misrepresentation." Doc. #5 at PageID #85. Relying on numerous facts not pled in his complaint, Magsby contends that Calhoon included inaccurate information in its correspondence with Allstate on his behalf. *Id*. at PageID #84.

The elements of a claim of negligent misrepresentation are:

(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

*Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 743 (Miss. 2019). Magsby's complaint contains no allegations which would satisfy any of these elements. Accordingly, even had Magsby asserted a claim for negligent misrepresentation in his complaint, it would fail to satisfy the Rule 12(b)(6) inquiry as to Calhoon.[3] The Court therefore concludes that Calhoon is improperly joined.

---

[3] As explained above, a court may pierce the pleadings and consider summary judgment type evidence only when the complaint "states a claim that satisfies 12(b)(6)." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th

### C. Severance and Remaining Motions

"Once a court has found [improper] joinder, it may sever the non-diverse defendant and remand those claims." *Stanford v. Liberty Mut. Grp. Inc.*, No. 4:18-CV-96-DMB-JMV, 2018 WL 5259474, at *3 (N.D. Miss. Oct. 22, 2018) (citing *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 592 (E.D. Ky. 2011)). Because the Court has found that Calhoon was improperly joined, it will sever and remand the claim against it. Calhoon's pending motion to dismiss, therefore, will be denied without prejudice.

### IV
### Conclusion

Magsby's motion to remand [5] is **DENIED**; Calhoon's motion to dismiss [3] is **DENIED without prejudice**; and the claim against Calhoon is **SEVERED** and **REMANDED** to the Circuit Court of Coahoma County, Mississippi.

**SO ORDERED**, this 28th day of May, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

Cir. 2018). Because the complaint fails to satisfy the 12(b)(6) standard, the Court may not consider the matters referenced in Magsby's motion.